GERALD THOMAS CASPER, Appellant, v. LILLIE C. HUBER and FRANCIS WILLIAM HUBER, Respondents.

No. 5932

July 15, 1969                    456 P.2d 436

[Rehearing denied August 18, 1969]

*Gerald Thomas Casper,* in proper person.

*William L. Hadley,* of Reno, for Respondents.

## O P I N I O N

By the Court, ZENOFF, J.:

This is an adoption proceeding. Deborah, age ten at the time of the filing of the petition, was born to Gerald and Shelvie Casper. Shortly after her birth Gerald left Deborah and her mother who was compelled to seek welfare assistance for support. Thereafter for a few months he paid $12.00 per week. In 1960 he was convicted of first degree murder and sentenced to the North Carolina State Prison for a period of 25 to 30 years. All of the foregoing events took place in North Carolina.

Shelvie placed the child in the care of her aunt and uncle with whom the child lived until they instituted these proceedings to adopt Deborah. Shelvie executed a relinquishment in favor of the adoption. Gerald, in prison, having been given notice as required by statute, objected although he acknowledged that leaving the child with the aunt and uncle was satisfactory with him provided he could correspond with the child and visit her whenever able to do so.

The Washoe County Legal Aid Society was appointed to represent the father at the adoption hearing. Casper, of course, was not present, but the court-appointed counsel did appear for him with his knowledge and permission. The trial court found that the father failed to provide proper parental care, custody, guidance, maintenance or support, that the child had suffered severe environmental deprivation while with her natural parents, that therefore she was "an abandoned and/or neglected child" as defined by NRS 128.010(2) and (3),[1] and that the

---

[1]128.010 WORDS AND TERMS DEFINED.

. . . .

2. "Abandonment of child" imports any conduct of one or both parents of a child which evinces a settled purpose on the part of one or both parents to forego all parental custody and relinquish all claims to the child, and a parent or parents of a child who shall leave the child in the care and custody of another without provision for his support and without communication for a period of 6 months shall be presumed to have intended to abandon the child.

3. "Neglected child" is any child who:

(a) Lacks the proper parental care by reason of the fault or habits of his parent, guardian or custodian.

(b) A child whose parent, guardian or custodian neglects or refuses to

father was an unfit parent as defined in NRS 128.010(4)[2] concluding with a termination of Gerald's parental rights and granting the adoption to the aunt and uncle.

This court was requested by Gerald to allow him to file an appeal without payment of a filing fee because he is a pauper and that we appoint an attorney to represent him for an appeal.

There is no statutory authority for either of his requests. Pauper privileges are provided by statute only for the trial level of litigation, not for appeals.[3] However, in cases where impecuniosity prevents an appeal this court under its inherent powers will waive the $25.00 filing fee requirement which we did in this case. Appointment of counsel is statutorily allowed only for one who petitions for termination of parental rights or for the minor in proceedings such as these. NRS 128.100. The county bears the cost of such appointment. NRS 128.140. Otherwise, there is no statutory right to appointment of counsel for appellate review in this type of civil case as there is in criminal cases and other types of civil cases. NRS 7.260, 136.200, 150.060, 171.188, 171.196, 177.345, 178.397, 260.060, 433.-270. We do not decide whether appointment of appellate counsel is required by Nevada Constitution Article 1, § 8 or the Due Process Clause of the Fourteenth Amendment to the United States Constitution when a state terminates parental rights, because in our opinion the appeal is clearly frivolous and appointed counsel would not be of any use.

In evaluating the merits of an appeal from this record we find ample support for the findings of the trial court. The best

provide proper or necessary subsistence, education, medical or surgical care, or other care necessary for his health, morals or well-being.

(c) A child whose parent, guardian or custodian neglects or refuses to provide the special care made necessary by his physical or mental condition.

(d) A child who is found in a disreputable place, or who is permitted to associate with vagrants or vicious or immoral persons.

(e) A child who engages or is in a situation dangerous to life or limb, or injurious to health or morals of himself or others.

[2]128.010  WORDS AND TERMS DEFINED.

. . . .

4.  "Unfit parent" is any parent of a child who, by reason of his fault or habit or conduct toward the child or other persons, fails to provide such child with proper care, guidance and support, or who knowingly permits such child to associate with vagrants, vicious or immoral persons, or to live in a disreputable place.

[3]NRS 12.015(1)(a)(2).

interests of the child were properly served by the order of termination and granting of the adoption. There was substantial evidence in support of the finding of an abandonment. This court in Carson v. Lowe, 76 Nev. 446, 357 P.2d 591 (1960), recognized the solemn duty of the courts to question closely termination of parental rights. We find here that the trial court met the standards.

There are no arguable meritorious issues presented which would necessitate the appointment of an attorney for the purposes of an appeal.

The appeal is dismissed as frivolous.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.