WILLARD B. PYBORN, Appellant, *v.* SHERYL PYBORN QUATHAMER, Respondent.

No. 11737

February 6, 1980                                605 P.2d 1147

[Rehearing denied March 12, 1980]

*Mills, Galliher, Lukens, Gibson, Schwartzer and Shinehouse,* Las Vegas, for Appellant.

*Nitz, Schofield and Nitz,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In this appeal, Willard B. Pyborn contends the district court abused its discretion in granting respondent Sheryl Quathamer's petition to terminate Pyborn's parental rights to the parties' minor child, Adam Jason Pyborn. We disagree.

A hearing on the petition was held in February 1979. In its findings of fact, the district court stated, among other things, that Pyborn and Quathamer were divorced in 1975 and Quathamer was awarded custody of their child; that in May 1977, while exercising his visitation rights, Pyborn absconded to Tennessee with the child and kept him there until March 1978, when Quathamer finally regained custody; that Pyborn failed to provide the child with proper care and guidance while in Tennessee; and that Pyborn failed to communicate with or pay support for the child for a period exceeding six months after the child was returned to Quathamer. The court then concluded that Pyborn had abandoned and neglected the child and was an unfit parent, and ordered that his parental rights to the child be terminated.

A finding by the court that a parent has abandoned his child is sufficient ground, in and of itself, for termination of parental rights. NRS 128.105(1). Whether a parent has abandoned his child is determined by the facts of each case, and a finding of abandonment will be upheld on appeal where there is substantial evidence in the record to support that finding.[1] Sernaker v.

---

[1] NRS 128.012 provides:

" 'Abandonment of child' imports any conduct of one or both parents of a child which evinces a settled purpose on the part of one or both parents to forego all parental custody and relinquish all claims to the child, and a parent or parents of a child who leave the child in the care and custody of another without provision for his support and without communication for a period of 6 months are presumed to have intended to abandon the child."

Ehrlich, 86 Nev. 277, 468 P.2d 5 (1970); Carson v. Lowe, 76 Nev. 446, 357 P.2d 591 (1960).

In the instant case, sufficient evidence was presented at the hearing on the petition to support the findings that Pyborn made no real attempts to communicate with the child for a period of approximately ten months after the child was reunited with his mother, and that for almost the same period he failed, or made only token efforts, to pay support for the child. "It is true that [Pyborn] sought to prove that his attempts to communicate with his infant son were frustrated by respondent . . ., and we are urged to accept this proof. This, of course, we cannot do in view of the court's findings." Carson v. Lowe, 76 Nev. at 449–450, 357 P.2d at 593. Furthermore, Pyborn did not "initiate any legal proceedings to impose his rights of visitation and nowhere do we find any attempt to send the child or his mother money with any regularity." Sernaker v. Ehrlich, 86 Nev. at 281, 468 P.2d at 7.

The court's finding of abandonment therefore must be unheld and, on this ground alone, the judgment affirmed. In view of our disposition of this case, other assignments of error concerning Pyborn's neglect or unfitness need not be considered. Carson v. Lowe, *supra.*