MARVIN STEPHEN SMITH, APPELLANT, v.
DANIELLE R. SMITH, RESPONDENT.

No. 16940

June 26, 1986                                    720 P.2d 1219

---

*Jack T. Bullock, II,* Winnemucca, for Appellant.

*Callahan and Maher,* Winnemucca, for Respondent.

## OPINION

*Per Curiam:*

Appellant Marvin Stephen Smith challenges the district court's order terminating his parental rights. Marvin contends that the district court lacked the requisite jurisdictional and dispositional grounds to terminate his parental rights. We agree and reverse.

Appellant and respondent Danielle R. Smith were divorced in September, 1978. They had one child, Erica Jane Smith, who was five months old at the time of the divorce. The court awarded Danielle the care, custody and control of Erica. The decree gave Marvin limited visitation rights and ordered him to pay monthly child support payments in the amount of $100.00. It is undisputed at the time this proceeding commenced that Marvin was in arrears with his child support payments.

From 1978 to 1981 Marvin exercised his visitation rights, although not to the maximum extent provided for by the divorce decree. Marvin moved to Arkansas in 1982. Marvin visited Nevada in 1984 and spent five days with Erica. Over the years, Marvin telephoned Danielle to determine what Erica might need. Occasionally he sent Erica Christmas and birthday cards and gifts. Marvin called Erica every two to six months. Six weeks prior to the commencement of this proceeding, Marvin called Danielle to determine if Erica needed money for school clothes. During this last telephone conversation, Marvin informed Danielle that he had remarried and that he had a new family. Soon thereafter Danielle filed the instant petition to terminate Marvin's parental rights.

In her petition, Danielle alleged abandonment and nonsupport as the grounds for termination. Danielle did not allege that Marvin was an unfit parent. Nor that Erica had suffered any emotional or physical abuse due to her relationship with Marvin.

The district court ruled that Marvin had neglected and abandoned Erica and that Erica's best interest would not be served by continuing the parental tie. The district court ordered Marvin's parental rights with Erica terminated.

Termination of parental rights is an extreme measure. Champagne v. Welfare Division, 100 Nev. 640, 691 P.2d 849 (1984). Severance of parental rights is an exercise of awesome power, a power which this court questions closely. *Id.* The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents. Santosky v. Kramer, 455 U.S. 745 (1982).

NRS 128.105 sets forth the statutory grounds for termination of parental rights.[1] In Champagne v. Welfare Division, 100 Nev. 640, 691 P.2d 849 (1984), this court explicated these grounds and held that both jurisdictional (specific fault or condition related to the parents) and dispositional (what is in the best interest of the child) grounds must exist before a parent's rights can be terminated. We further held that one who institutes termination proceedings must prove the jurisdictional and dispositional grounds by clear and convincing evidence. *Id.*

We turn first to consider Danielle's allegation of abandonment. We have held that in order to constitute abandonment the parent's conduct must demonstrate an intent to abandon, a settled purpose to relinquish all parental rights in the child. Sernaker v. Ehrlich, 86 Nev. 277, 468 P.2d 5 (1970). Intent is the decisive factor. It may be shown by the facts and circumstances. In Re Barassi, 71 Cal.Rptr. 249 (Cal.App. 1968). Danielle failed to introduce clear and convincing evidence to demonstrate Marvin's intent to abandon Erica. To the contrary, the facts of this case demonstrate that Marvin lacked the requisite intent to abandon. During oral argument, respondent's counsel conceded that this was not a case of abandonment. The district court erred by so holding.

---

[1]NRS 128.105 provides:

An order of the court for termination of parental rights may be made on the grounds that the termination is in the child's best interest in light of the considerations set forth in this section and NRS 128.106, 128.107 and 128.108:
  1. Abandonment of the child;
  2. Neglect of the child;
  3. Unfitness of the parent;
  4. Risk of serious physical, mental or emotional injury to the child if he were returned to, or remains in, the home of his parent or parents;
  5. Only token efforts by the parent or parents:
  (a) To support or communicate with the child;
  (b) To prevent neglect of the child;
  (c) To avoid being an unfit parent; or
  (d) To eliminate the risk of serious physical, mental or emotional injury to the child; or
  6. With respect to termination of the parental rights of one parent, the abandonment by that parent.

The other basis for termination alleged by Danielle was Marvin's failure to pay child support. Failure to pay child support in and of itself is not a ground for termination. *See, Sernaker,* 86 Nev. at 280; *Barassi,* 71 Cal.Rptr. at 254; Blankenship v. Brookshier, 420 P.2d 800 (Idaho 1966). While we do not condone nonpayment of child support, to terminate Marvin's parental rights under the facts presented would be a severe remedy. Danielle has alternative remedies to compel Marvin to meet his child support obligations.

The district court also ruled that Marvin had neglected Erica. During this time, Marvin was the noncustodial parent pursuant to the divorce decree. Neglect is not established during a time when the child is not in the parent's custody and when the child is known to be receiving proper care. *See, Champagne,* 100 Nev. at 658; Chapman v. Chapman, 96 Nev. 290, 607 P.2d 1141 (1980). The jurisdictional ground of neglect is not supported by the evidence.

We also observe that Danielle failed to introduce clear and convincing evidence that it would be in Erica's best interest to terminate Marvin's parental rights. The only evidence adduced at trial was the expert testimony of Dr. Nancy Heckel, a child psychologist. Dr. Heckel testified that termination of parental rights would not be in the best interest of the child.

We conclude, therefore, that Danielle failed to establish by clear and convincing evidence the requisite jurisdictional and dispositional grounds for the termination of Marvin's parental rights. The district court erred. We hereby reverse the district court's order terminating the parental rights of Marvin Stephen Smith.