JOANNE DRURY, Appellant, v.
CECIL S. LANG, Respondent.

No. 18787

July 6, 1989                                        776 P.2d 843

*William R. Phillips & Associates* and *Ralph G. Dawson*, Las Vegas, for Appellant.

*Rick Lawton*, Fallon, for Respondent.

## OPINION

*Per Curiam:*

The primary issue in this appeal is whether a parent's failure to communicate with her children for a period of six months is sufficient as a matter of law to support a determination that the

parent's behavior evinces a settled purpose to abandon the children. We conclude that it is not, and reverse the district court's judgment terminating appellant's parental rights.

## FACTS

Appellant Joanne Drury (Joanne) and respondent Cecil S. Lang (Cecil) were married on September 4, 1976. On August 10, 1983, Joanne was granted a decree of divorce on grounds of irreconcilable differences. The district court awarded Cecil custody of the parties' twin children, then age six, and awarded Joanne reasonable visitation privileges. Cecil neither sought nor did the district court award him child support. Both parties subsequently married other people. Cecil continued to reside in Tonopah with the parties' children, his present wife, and her two children. Joanne remained in Tonopah until September, 1985, and, thereafter, lived in New Mexico, Colorado, and Goldfield, Nevada. Joanne returned to Tonopah in November, 1986, after Cecil petitioned the district court to terminate her parental rights.

The gravamen of Cecil's petition was that Joanne left the children in the custody of another without provision for their support and without communication for a period of more than six months. *See* NRS 128.012(2). Contending that she had endeavored to maintain contact with the children since the divorce, but that Cecil increasingly frustrated her efforts, Joanne opposed Cecil's petition. Joanne disputed Cecil's averment that she had not communicated with the children for six months, and supported her opposition to his petition with an affidavit which detailed her efforts to maintain contact with the children, as well as with telephone billings for the months of April and May, 1986, which indicated long distance calls of relatively short duration from her to Cecil's residence.

Although the hearing on Cecil's petition was not recorded, the district court minutes reflect that both parties appeared and were represented by counsel, called witnesses, and offered exhibits.[1]

---

[1]Despite the absence of a transcript of the proceedings below, Joanne's counsel did not submit to this court a settled and approved statement of the evidence adduced at trial as provided for in NRAP 10(c). We express no opinion on whether this omission was due to economic factors, appellate tactics, or attorney neglect. Although NRAP 10(c) is framed in the permissive, we strongly recommend, particularly in matters as serious as the termination of a parent's rights, that counsel follow the procedure set forth in the rule when the proceedings below are unreported.

[2]For purposes of our decision we accept as correct the district court's findings and characterization of the evidence. *See* City of Las Vegas v. Bolden, 89 Nev. 526, 526 P.2d 110 (1973) (this court will assume that record supports lower court's findings when evidence upon which judgment rests is not included in the record on appeal).

Approximately nine months after the hearing, the district court issued its Memorandum of Decision and Order, which, according to the court, was based on clear and convincing evidence.[2] The district court initially observed that the parties' divorce decree did not impose upon Joanne an obligation of support. It therefore concluded that Cecil's allegation of abandonment premised on failure to support was meritless. The district court then focused on the six month period immediately preceding Cecil's filing of the petition on September 17, 1986. Finding that "[i]f any communication occurred during the subject period, it could be generously characterized as only a token effort not likely to have led to enhancing the parent-child relationship," the district court concluded that Joanne's "lack of communication evinced a settled purpose to abandon the children."

Having found what it considered to be the requisite jurisdictional grounds for termination of Joanne's parental rights, i.e., abandonment, the district court next determined that dispositional grounds were also present. Based on its findings that the children "have become integrated into a stable environment . . . ," and that "[t]heir obvious previous insecurity has been replaced by an atmosphere which is free of the discord which permeated their earlier home," the district court held that the children's best interest would be served by terminating Joanne's parental rights. This appeal followed.

## DISCUSSION

Joanne contends that the district court erred in concluding that her failure to communicate for a period of six months "evinced a settled purpose to abandon the children." In Joanne's view, a mere six month lapse in communication is insufficient as a matter of law to establish a parent's intent to abandon her children. We agree.

At the time of the hearing on Cecil's petition, NRS 128.105 provided in pertinent part:

> An order of the court for termination of parental rights may be made on the grounds that the termination is in the child's best interest in light of the considerations set forth in this section of NRS 128.106, 128.107 and 128.108:
>
> 1. Abandonment of the child;
> . . . .
> 5. Only token efforts by the parent or parents:
> (a) To support or communicate with the child;
> . . . .
> 6. With respect to termination of the parental rights of one parent, the abandonment by that parent.

Although the district court characterized Joanne's attempts at communication with the children as "token effort[s] not likely to have led to enhancing the parent-child relationship," it did not specifically base its finding of jurisdictional grounds, and we believe correctly so, on subsection 5 of NRS 128.108, *supra. See* Champagne v. Welfare Division, 100 Nev. 640, 646, 691 P.2d 849, 854 (1984) ("Whatever 'token efforts' might mean, we read NRS 128.105 as a whole to mean termination of parental rights is to be based on *substantial* abandonment, neglect, parental unfitness or child abuse."). (Emphasis added.) Instead, it presumably found that Joanne had abandoned the children. *Cf.* NRS 128.108(6), *supra.*

The term "abandonment of a child" as used in NRS 128.105 is defined as "any conduct . . . which evinces a settled purpose . . . to forego all parental custody and relinquish all claims to the child." NRS 128.012(1). While abandonment is determined by the facts in each case, Sernaker v. Ehrlich, 86 Nev. 277, 280, 468 P.2d 5, 7 (1970), in every previous case in which we have upheld a trial court's finding of abandonment something more than a mere failure to communicate for a six month period was present. *See, e.g., Champagne,* 100 Nev. at 640, 691 P.2d at 849 (failure to support, neglect and parental unfitness established); Pyborn v. Quathamer, 96 Nev. 145, 605 P.2d 1146 (1980) (no real effort to communicate for ten month period and only token efforts to support during same period); *Sernaker,* 86 Nev. at 277, 468 P.2d at 5 (failure to communicate with and to support child); Casper v. Huber, 85 Nev. 474, 456 P.2d 436 (1969) (failure to provide proper parental care, custody, guidance, maintenance or support, and child suffered severe environmental deprivation); Carson v. Lowe, 76 Nev. 446, 357 P.2d 591 (1960) (parent's efforts to communicate with child over three to four year period were meager and parent did not provide support). Indeed, before a parent's intent to abandon her child is presumed by statute, the parent must have left the "child in the care and custody of another without provision for his support *and* without communication for a period of 6 months. . . ." NRS 128.012(2) (emphasis added).

Because termination of a parent's rights to her child is tantamount to imposition of a civil death penalty, we have previously declared that "the degree and duration of parental fault or incapacity necessary to establish jurisdictional grounds for termination is greater than that required for other forms of judicial intervention." *Champagne,* 100 Nev. at 648, 691 P.2d at 854-55. In our view, a six month lapse in communication, without more, is insufficient as a matter of law to support a finding that a parent has demonstrated a settled purpose to abandon her children.

## CONCLUSION

Based on the foregoing, we conclude that the district court erred in determining that jurisdictional grounds for termination were present here.

Our determination of the jurisdictional grounds issue obviates the necessity of deciding whether the district court erred in determining that dispositional grounds were also present. *See id.* at 647, 691 P.2d at 854 (when jurisdictional grounds are not found analysis ends and termination is denied). We note in passing, however, that nothing said herein is intended to foreclose the district court, upon a proper motion, from imposing reasonable conditions or restrictions upon Joanne's visitation privileges if required in the children's best interests.

The judgment of the district court is reversed and the cause remanded with directions to dismiss Cecil's petition.

STEFFEN, A. C. J., and SPRINGER, MOWBRAY and ROSE, JJ., and SULLIVAN, D. J.,[3] concur.