An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS OF: B.R. AND F.R., MINOR CHILDREN.

JUAN R.,
Appellant,
vs.
CLAUDIA M.S.,
Respondent.

No. 60687

**FILED**

APR 12 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying appellant's petition to terminate respondent's parental rights. Eighth Judicial District Court, Clark County; Mathew Harter, Judge.

Appellant filed the underlying petition to terminate respondent's parental rights as to the parties' two minor children. Appellant alleged that respondent had made only token efforts and/or had abandoned the children by failing to provide for their support and maintenance and by failing to communicate with them for the preceding six months. See NRS 128.012. After conducting an evidentiary hearing, the district court denied the petition. This appeal followed.[1]

In his civil proper person appeal statement, appellant contends that the evidence presented below established token efforts and

---

[1]Appellant filed a proper person transcript request form, but there is no indication that appellant paid for the cost of preparing the transcripts or that appellant was granted leave to proceed in forma pauperis. See NRS 12.015. We have determined that a transcript of the evidentiary hearing is not necessary for an adequate review of this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10846

abandonment by respondent based on her sporadic contact with the children and limited child support payments made only through wage garnishment. Appellant further asserts that termination is in the children's best interests because respondent's sporadic contact is confusing and harmful to the children, and because appellant along with his new wife, who seeks to adopt the children, can provide a stable and positive living environment for them.

In terminating parental rights, the district court must find by clear and convincing evidence that termination is in the children's best interests and that at least one factor of parental fault exists. NRS 128.105; Matter of Parental Rights as to N.J., 116 Nev. 790, 800, 8 P.3d 126, 132 (2000). Parental fault may include abandonment, when the parent's conduct has demonstrated an intention to abandon the child and relinquish all parental rights. NRS 128.105(2)(a); Smith v. Smith, 102 Nev. 263, 266, 720 P.2d 1219, 1221 (1986), overruled on other grounds by Matter of N.J., 116 Nev. at 800 n.4, 8 P.3d at 132 n.4. A parent may be presumed to have abandoned a child if the parent leaves "the child in the care and custody of another without provision for the child's support and without communication for a period of 6 months." NRS 128.012(2). This court will uphold the district court's order regarding termination if it is supported by substantial evidence. Matter of Parental Rights as to D.R.H., 120 Nev. 422, 428, 92 P.3d 1230, 1234 (2004).

Having reviewed appellant's arguments along with the trial court record, we conclude that substantial evidence supports the district court's findings that appellant failed to establish by clear and convincing evidence parental fault or that termination was in the children's best interests. Concerning parental fault, the district court found that

appellant did not establish that respondent abandoned the children by failing to communicate with them and by failing to provide for their support for a six-month time period. The district court also found that appellant's credibility was an issue and that the lack of contact was primarily caused by appellant. It is the duty of the trier of fact, not an appellate court, to weigh the credibility of witnesses. Castle v. Simmons, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004). As for the children's best interests, the district court found that while appellant and his new wife provided a stable living environment for the children, respondent simply wanted a continuing relationship with them and there was no evidence that allowing such a relationship would have adverse effects on the children. As substantial evidence supports the district court's decision that termination was not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Mathew Harter, District Judge
       Juan R.
       Hansen Rasmussen, LLC
       Eighth District Court Clerk

