# IN THE SUPREME COURT OF IOWA

No. 21–0569

Submitted November 16, 2021—Filed February 18, 2022

**IN THE INTEREST OF L.B.,** Minor Child.

**B.B.,** Father,

Appellant.

___

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Woodbury County, Mary Jane Sokolovske, Senior Judge.

Father appeals the juvenile court's order terminating his parental rights.

**DECISION OF COURT OF APPEALS VACATED; JUVENILE COURT JUDGMENT REVERSED AND REMANDED.**

Appel, J., delivered the opinion of the court, in which all justices joined.

Dean A. Fankhauser of Vriezelaar, Tigges, Edgington, Bottaro, Boden & Lessmann, L.L.P., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Michelle R. Becker, Assistant Attorney General, for appellee State of Iowa.

Patrick Jennings, County Attorney, and David A. Dawson, Assistant County Attorney, for appellee Woodbury County Attorney.

Michelle M. Hynes of the Juvenile Law Center, Sioux City, attorney and guardian ad litem for the minor child.

**APPEL, Justice.**

The dispositive issue in this case is whether a juvenile court may rely on a previous child in need of assistance (CINA) adjudication in a closed CINA proceeding to terminate a father's parental rights under Iowa Code section 232.116(1)(*f*) or (*g*) when no CINA adjudication was in place at the time of termination. The juvenile court concluded it could and terminated Father's parental rights, and the court of appeals affirmed in a split decision on appeal. We granted Father's further review application. Because the child was not adjudicated CINA in the proceeding at issue, the juvenile court erred when it terminated Father's parental rights. A past CINA adjudication in a closed CINA proceeding does not suffice to meet the statutory requirements of Iowa Code section 232.116(1)(*f*) or (*g*) in the present proceeding. Thus, we vacate the decision of the court of appeals and reverse the juvenile court order terminating Father's parental rights.

## I. Background Facts and Proceedings.

L.B. was born in 2014. She lived most of her life with her mother because Father was in federal custody from 2014 through 2020. In 2019, the Iowa Department of Human Services (DHS) became involved with the family because Mother had assaulted L.B.'s maternal grandmother in L.B.'s presence and also tested positive for methamphetamine. The juvenile court adjudicated L.B. as a CINA, which we will refer to as "CINA 1." The juvenile court entered a permanency order in November 2019 closing the CINA 1 case after L.B. was placed in a guardianship with the maternal grandmother. However, the

guardianship led to conflict because the mother was unable to respect the guardianship and, at least once, refused to return L.B. to the guardian. This conflict led the State to file a CINA petition on June 12, 2020, which we will refer to as "CINA 2." Three days later, the assistant county attorney filed a petition to terminate both parents' parental rights (TPR).

The juvenile court held evidence on both the CINA 2 and TPR petitions simultaneously. It ultimately declined to adjudicate as a CINA "for a second time," concluding it could terminate Father's parental rights because the child was previously adjudicated CINA in the CINA 1 proceeding that resulted in the guardianship. The juvenile court terminated Father's parental rights under Iowa Code section 232.116(1)(*f*), (*g*) (2021).[1] A divided court of appeals affirmed. We granted Father's application for further review.

## II. Standard of Review.

Termination proceedings are reviewed de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020) (per curiam); *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Statutory interpretation questions are reviewed for errors at law. *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014). We give weight to the factual findings but are not bound by them. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). The paramount concern in a termination proceeding is the child's best interests. *Id.* The burden is on the State to show by clear and convincing evidence that the requirements

---

[1]The juvenile court also terminated Mother's parental rights, but she does not appeal.

for termination have been satisfied. *In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014).

**III. Analysis.**

We generally apply a three-step analysis to review termination of parental rights. *In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2018). First, we consider whether there are statutory grounds for termination. *Id.* Second, we determine whether termination is in the best interest of the child. *Id.* Third, we consider whether we should exercise any of the permissive exceptions for termination. *Id.* Because we conclude that the statutory grounds for termination have not been met, we do not address the second and third questions. Likewise, we need not address the other legal arguments Father makes on appeal because we remand this case to the juvenile court for further proceedings.

The juvenile court terminated Father's rights under Iowa Code section 232.116(1)(*f*) and (*g*). Both of those grounds for termination require the juvenile court to find, in part, that "[t]he child has been adjudicated a child in need of assistance pursuant to section 232.96." Iowa Code § 232.116(1)(*f*)(2), (*g*)(1). Father argues this element was not met under either paragraph (*f*) or (*g*) because the statutory language requiring that "the child has been adjudicated" CINA only applies to CINA adjudications made in the present proceeding and does not include adjudications that may have occurred in prior adjudications. We agree with Father.

It is true that paragraphs (*f*) and (*g*) do not expressly require that an adjudication order be presently in place. Instead, the statutory language requires

that the child "*has been* adjudicated." *Id.* § 232.116(1)(*f*)(2), (*g*)(1) (emphasis added). The phrase "has been adjudicated" is in the present perfect tense. As a result, the adjudication could have occurred in the past and could have continuing impact on the present. *Cf. In re A.H.B.*, 791 N.W.2d 687, 689 (Iowa 2010) (interpreting present perfect tense as in the context of a person currently imprisoned or previously convicted of sex crimes).

But the central issue here is not whether the use of the present perfect tense permits the use of adjudications that occurred in the historical past. It clearly does. The critical question is whether the "has been adjudicated" language in Iowa Code section 232.116(1)(*f*) and (*g*) should be read to apply only to adjudications made in the present proceeding and not to include adjudications that may have occurred in prior proceedings. This is a different question than the one posed in *In re A.H.B.* The statute is silent on this point.

In deciding the question, we must read the statute as a whole. *Iowa Ins. Inst. v. Core Grp. of the Iowa Ass'n for Just.*, 867 N.W.2d 58, 72 (Iowa 2015). As we have observed, "We construe statutory phrases not by assessing solely words and phrases in isolation, but instead by incorporating considerations of the structure and purpose of the statute in its entirety." *Den Hartog v. City of Waterloo*, 847 N.W.2d 459, 462 (Iowa 2014). When a statute is silent on an issue, we carry out legislative intent based upon the purposes and policies of the state and the consequences of competing interpretations. *State v. Mootz*, 808 N.W.2d 207, 221 (Iowa 2012).

From the larger statutory perspective, the interpretation offered by the State—that an adjudication in a prior closed proceeding is sufficient to support termination—is inconsistent with the framework of chapter 232. A goal of CINA proceedings under chapter 232 is to keep families together when possible, not provide an avenue for summary termination of parental rights. For example, the statute directs that when an adjudicated child has been removed from the home, the state must make "every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child." Iowa Code § 232.102(7). Similarly, a dispositional order may be vacated where "the child is no longer in need of supervision, care, or treatment," *id.* § 232.104(4)(*a*), or "[t]he purposes of the order have been sufficiently accomplished and the continuation of supervision, care, or treatment is unjustified or unwarranted," *id.* § 232.103(4)(*d*). It would make no sense to interpret the "has been adjudicated" language to permit an adjudication in a prior closed proceeding to set the stage for termination of parental rights when services have been successfully provided and the child returned to the home.

Further, the later proceeding could well involve entirely different problems and could well involve the actions of different individuals. The first CINA proceeding could be triggered by a parent's serious drug problem, while the second CINA proceeding might involve sex abuse from a live-in boyfriend. It may be that upon further exploration, the new allegation against the parents are unfounded and unrelated to the facts of a prior adjudication. It would be strained interpretation of the statutory scheme to permit the State to terminate parental

rights in a second proceeding when the goal of reunification was achieved in a prior proceeding.

Finally, courts have emphasized that termination of parental rights is the "death penalty" of civil proceedings. *In re K.A.W.,* 133 S.W.3d 1, 12 (Mo. 2004); (en banc) (quoting *In re N.R.C.,* 94 S.W.3d 799, 811 (Tex. App. 2002)); *Drury v. Lang*, 776 P.2d 843, 845 (Nev. 1989) (per curiam). As has been noted by the United States Supreme Court, "[f]ew forms of state action are both so severe and so irreversible." *Santosky v. Kramer*, 455 U.S. 745, 759 (1982). Short cuts eliminating the need for adjudication in a current proceeding are inappropriate given the dire consequences of parental termination.

In short, we conclude the juvenile court erred when it utilized CINA 1 in an attempt to meet the statutory requirements of Iowa Code section 232.116(1)(*f*) and (*g*) in CINA 2. A prior CINA adjudication in a closed case cannot be utilized to meet the statutory requirements of Iowa Code section 232.116(1)(*f*) and (*g*) for a second CINA proceeding. We remand the case to the juvenile court for further proceedings consistent with this opinion. If the State wishes to proceed toward termination under Iowa Code section 232.116(1)(*f*) and (*g*), the child must first be adjudicated as a child in need of assistance. Thereafter, the State may seek to terminate parental rights based upon a record developed after adjudication has occurred. We express no view on the merits of any future effort by the State to terminate Father's parental rights based upon a record not yet developed.

**IV. Conclusion.**

We vacate the decision of the court of appeals, reverse the judgment of the juvenile court, and remand the case to the juvenile court.

**DECISION OF COURT OF APPEALS VACATED; JUVENILE COURT JUDGMENT REVERSED AND REMANDED.**