IN THE MATTER OF: J.R.; A.R.

No. COA02-1659

(Filed 2 March 2004)

**Child Abuse and Neglect— adjudication—absence of parent**

An adjudication of neglect by respondent mother was remanded where the order was entered with the consent of the father but in the absence of the mother or her counsel and with an unsworn summary of the allegations from a social worker.

Appeal by respondent mother from order dated 8 October 2001[1] by Judge Wendy M. Enochs in Guilford County District Court. Heard in the Court of Appeals 17 September 2003.

*County Attorney Jonathan V. Maxwell, by Deputy County Attorney Lynne G. Schiftan, for petitioner-appellee.*

*Cynthia A. Esworthy for respondent-appellant.*

BRYANT, Judge.

Sirlena Rivera (respondent) appeals an order dated 8 October 2001 adjudicating her children J.R. and A.R. neglected.

On 30 May 2001, the Guilford County Department of Social Services (petitioner) filed a juvenile petition alleging respondent had neglected J.R. and A.R. The petition listed Elbert Isaac Williams (Williams) as J.R.'s father and Lennie Monroe (Monroe) as the putative father of A.R.[2] At the adjudicatory hearing on 25 September 2001, Williams was not present but was represented by his attorney, who

---

1. The caption has been altered to show only the children's initials.

2. A paternity test later established that Monroe is not A.R.'s biological father.

stipulated to a finding of neglect as alleged in the petition.[3] Although neither respondent nor her counsel was present, the trial court commenced the adjudication phase of the proceeding. The trial court noted that "one of the parents," Williams, was "willing to enter into a consent . . . at this time." In preparation for the consent order, the trial court inquired of the clerk of court whether she had the names of all the persons present. The trial court next asked: "And is it a consent as the facts are alleged in the petition?" The clerk replied that "[it is]" and inquired whether the trial court wished to hear a summary of facts. Dana Hoxworth, the social worker who had signed the juvenile petition, then offered an unsworn summary of the facts alleged in the petition. Respondent's counsel did not arrive until after Hoxworth had concluded her recitation of facts and the trial court had already begun the dispositional stage of the hearing.[4]

At the conclusion of the hearing, the trial court directed that the findings in the order should read "as alleged in the petition." In its 8 October 2001 order, the trial court ordered the children to remain in the legal and physical custody of petitioner and granted petitioner the authority to place them with J.R.'s paternal grandmother. The trial court further required respondent to comply with the visitation plan and other terms. Respondent's arrival in the courtroom occurred just after conclusion of the dispositional phase.

---

The dispositive issue is whether Williams' consent and the summary of facts presented by the social worker constituted sufficient evidentiary support for an adjudication of neglect.

As mandated by statute, a trial court may enter a consent order or judgment only "when all parties are present." N.C.G.S. § 7B-902 (2003). Consistently, this Court has held that the consent of one parent to a finding of neglect does not give rise to a valid consent judgment in the absence of the other parent. *See In re Shaw*, 152 N.C. App. 126, 130, 566 S.E.2d 744, 746-47 (2002); *In re Thrift*, 137 N.C. App. 559, 563, 528 S.E.2d 394, 397 (2000). Thus, entry of a consent order in this case, in the absence of respondent and without her consent was not proper. Moreover, Williams' consent to a finding of

---

3. Williams does not appeal the trial court's order adjudicating the children neglected.

4. In its order, the trial court summarily noted the presence of respondent's counsel at the proceeding. The order, however, was drafted after the conclusion of both the adjudicatory and dispositional hearings, and the transcript actually indicates respondent's counsel did not arrive until after the trial court's adjudication of neglect.

neglect as alleged in the petition could not bind respondent, as the allegations of neglect in the juvenile petition pertained solely to her actions and not those of Williams. *See McRary v. McRary*, 228 N.C. 714, 719, 47 S.E.2d 27, 31 (1948) ("[a] judgment by consent is the agreement of the parties").

In its brief to this Court, petitioner argues the trial court adjudicated respondent's children neglected based also on the testimony of a social worker. We note, however, that the social worker's recitation of facts, which was unsworn, was not offered as substantive evidence but merely as a summary of facts alleged in the petition for purposes of drafting the consent order and therefore did not meet the "clear and convincing evidence" requirement for adjudicatory hearings. N.C.G.S. § 7B-805 (2003) ("[t]he allegations in a petition alleging abuse, neglect, or dependency shall be proved by clear and convincing evidence"). As the trial court's adjudication of neglect therefore did not have a sufficient evidentiary basis, we reverse and remand this case for a new hearing.

Although respondent raises another troubling issue in her brief to this Court, the holding of the adjudicatory hearing in the absence of respondent's counsel, we do not address this issue because of our decision to remand.

Reversed and remanded.

Chief Judge MARTIN and Judge GEER concur.