528 S.E.2d 394 (2000)
In the Matter of THRIFT, minor child.
Terisa Snow Thrift, Respondent,
v.
Buncombe County Department of Social Services, Petitioner, Guardian Ad Litem.
No. COA99-291.
Court of Appeals of North Carolina.
April 18, 2000.
Buncombe County Department of Social Services, by Charlotte A. Wade, Asheville, for petitioner-appellee.
Michael E. Casterline, Asheville, for respondent-appellant.
Kyle W. King as Guardian ad Litem.
TIMMONS-GOODSON, Judge.
Terisa Snow Thrift ("respondent") appeals from an order adjudicating her minor child, Brandon Thrift ("Brandon" or "the child"), a neglected child pursuant to North Carolina General Statutes section 7A-517(21).
The facts pertinent to the case on appeal are as follows. On 19 June 1998, the Buncombe County Department of Social Services ("petitioner") filed a verified juvenile petition alleging that Brandon was a neglected child in that he lived in an environment injurious to his welfare. The Buncombe County District Court entered a non-secure custody order for the child and he was taken into petitioner's custody. On 6 July 1998, a non-secure hearing was conducted by the court to determine whether the child should remain in the custody of petitioner. Although respondent had been properly served with the petition and summons, she did not appear at the non-secure hearing. An adjudicatory *395 and dispositional hearing was held on 11 September 1998. Respondent was not present at the hearing. However, respondent was represented at the hearing by counsel, Michael E. Casterline ("counsel").
Counsel stated that he had not had contact with respondent for three weeks and that he was not authorized to consent to an adjudication of neglect. When the case came on for hearing, neither respondent nor petitioner offered evidence. Edward Thrift, the father of the child, was present at the hearing and consented to a finding of neglect. The trial court adjudicated the child neglected on the basis of the verified petition, as demonstrated by the following exchange:
COURT: All right. We'll just make those findings without [respondent's] consent and note that she was well aware of today's court date.
[COUNSEL FOR RESPONDENT]: Well, your Honor, I would object to us doing it without evidence.
COURT: Well, we have a sworn petition. Is that not enough for you?
Although counsel objected to an entry by the trial court of an adjudicatory order without hearing evidence, the trial court adjudicated Brandon to be a neglected child as alleged in the petition and proceeded to disposition. The trial court ordered that the child remain in petitioner's custody with placement in the discretion of petitioner. Respondent appeals from the adjudicatory and dispositional order.
The dispositive issue on appeal is whether the trial court erred by finding that the allegations of neglect contained in the petition had been proved by clear and convincing evidence.
Respondent argues that her failure to be present at the adjudicatory hearing did not relieve the trial court of its duty to find based on competent evidence that the allegations of neglect contained in the petition were supported by clear and convincing evidence. We agree.
A neglected juvenile is one who "does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who ... lives in an environment injurious to the juvenile's welfare[.]" N.C. Gen.Stat. § 7A-517(21), repealed effective 1 July 1999, S.L.1998-202, s.5. When a child is alleged to be neglected, the trial court must conduct an adjudicatory hearing designed to determine the existence or nonexistence of any of the conditions alleged in the petition. N.C. Gen.Stat. § 7A-631, repealed effective 1 July 1999, S.L.1998-202, s.5. The allegations contained in a petition may be admitted or denied. See N.C. Gen.Stat. § 7A-633, repealed effective 1 July 1999, S.L.1998-202, s.5. At the hearing, the trial court must protect the due process rights not only of the child, but also of the parent.
The adjudicatory hearing shall be a judicial process designed to adjudicate the existence or nonexistence of any of the conditions alleged in a petition. In the adjudicatory hearing, the judge shall protect the following rights of the juvenile and his parent to assure due process of law: the right to written notice of the facts alleged in the petition, the right to counsel, the right to confront and cross-examine witnesses, the privilege against self-incrimination, the right of discovery and all rights afforded adult offenders except the right to bail, the right of self-representation, and the right of trial by jury.
N.C.G.S. § 7A-631. "Where the juvenile is alleged to be abused, neglected, or dependent, the rules of evidence in civil cases shall apply." N.C. Gen.Stat. § 7A-634(b), repealed effective 1 July 1999, S.L.1998-202, s.5. The allegations of a petition alleging neglect must be proved by clear and convincing evidence. N.C. Gen.Stat. § 7A-635, repealed effective 1 July 1999, S.L.1998-202, s.5.
North Carolina General Statutes section 7A-641 authorizes consent orders in limited instances:
Nothing in this Article precludes the judge from entering a consent order or judgment on a petition for abuse, neglect or dependency when all parties are present, the juvenile is represented by counsel and all other parties are either represented by *396 counsel or have waived counsel, and sufficient findings of fact are made by the judge.
N.C. Gen.Stat. § 7A-641, repealed effective 1 July 1999, S.L.1998-202, s.5. "A judgment by consent is the agreement of the parties, their decree, entered upon the record with the sanction of the court[,]" McRary v. McRary, 228 N.C. 714, 719, 47 S.E.2d 27, 31 (1948), and operates as a judgment on the merits. Id. at 719-20, 47 S.E.2d at 31.
Petitioner argues that the trial court was authorized to enter in essence a default judgment based on the allegations contained in the verified petition, the stipulations of the father, the absence of respondent, and the failure of her counsel to present any evidence. For the reasons that follow, we are compelled to disagree.
According to Rule 12(c) of the North Carolina Rules of Civil Procedure, the trial court may, upon motion of any party, enter judgment solely on the pleadings. N.C. Gen.Stat. § 1A-1, Rule 12(c) (1999). The Rules of Civil Procedure apply "in the district court division of the General Court of Justice," unless otherwise provided in a pertinent provision of Chapter 7A. N.C. Gen.Stat. § 7A-193, repealed effective 1 July 1999, S.L.1998-202, s.5. Therefore, unless the provisions of Chapter 7A, Hearing Procedures, explicitly or implicitly provide otherwise, Rule 12(c) applies in the case at bar.
In the present case, the trial court incorrectly assumed that it could, on its own motion, accept the verified petition and enter judgment on the petition. The trial court was not authorized to enter judgment on the pleadings pursuant to Rule 12(c) because neither party moved for judgment on the pleadings. N.C.G.S. § 1A-1, Rule 12(c). Furthermore, we believe that judgment on the pleadings was implicitly precluded by the provisions of Chapter 7A, Hearing Procedures. As stated above, the trial court must conduct a hearing to adjudicate the existence or nonexistence of the conditions of neglect alleged in the petition. N.C.G.S. § 7A-631. The quantum of evidence at the hearing is clear and convincing evidence. N.C.G.S. § 7A-635.
This Court has adopted a similar line of reasoning in cases pertaining to termination of parental rights. In In re Tyner, 106 N.C.App. 480, 483, 417 S.E.2d 260, 261 (1992), this Court held that the respondent's failure to file an answer did not authorize the trial court to enter a "default type" order terminating the respondent's parental rights. See also In re Quevedo, 106 N.C.App. 574, 419 S.E.2d 158 (1992) (Greene, J., concurring).
Just as a default judgment or judgment on the pleadings is inappropriate in a proceeding involving termination of parental rights, it is equally inappropriate in an adjudication of neglect. We note that an adjudication of neglect constitutes grounds for terminating parental rights and is frequently the basis for a termination proceeding. N.C. Gen.Stat. § 7A-289.32(2), repealed effective 1 July 1999, S.L.1998-202, s.5. As the link between a parent and child is a fundamental right worthy of the highest degree of scrutiny, In re Baby Girl Dockery, 128 N.C.App. 631, 495 S.E.2d 417 (1998), the trial court must fulfill all procedural requirements in the course of its duty to determine whether allegations of neglect are supported by clear and convincing evidence.
Finally, our decision in the present case is consistent with this Court's holding in In re Murphy, 105 N.C.App. 651, 414 S.E.2d 396, aff'd, 332 N.C. 663, 422 S.E.2d 577 (1992). In Murphy, the respondent was incarcerated at the time his parental rights were terminated. At issue on appeal was whether he had a right to be present at the hearing. This Court stated:
When, as here, a parent is absent from a termination proceeding and the trial court preserves the adversarial nature of the proceeding by allowing the parent's counsel to cross examine witnesses, with the questions and answers being recorded, the parent must demonstrate some actual prejudice in order to prevail upon appeal.
Id. at 658, 414 S.E.2d at 400. While Murphy indicates that the trial court must allow counsel for the absent parent to cross-examine witnesses, respondent's counsel in the present case was denied the opportunity to cross-examine *397 witnesses, compromising the "adversarial nature of the proceeding." Id.
Petitioner argues that the father's stipulation supported an adjudication of neglect. While North Carolina General Statutes section 7A-641 authorizes judgments on a petition, consent judgments are appropriate only in limited instances. According to the mandates of section 7A-641, all parties must be present in order for the trial court to enter a consent judgment. In the case at bar, respondent was not present and, as such, no valid consent judgment could be entered. See also Brundage v. Foye, 118 N.C.App. 138, 454 S.E.2d 669 (1995) (holding that where a consent judgment is entered against two parties with the consent of only one, the trial court must set the consent judgment aside as to both parties). We conclude that the father's purported consent was not sufficient to support a finding of neglect.
For the reasons stated herein, we hold that the trial court erred in finding the allegations of neglect contained in the petition had been proved by clear and convincing evidence. The judgment of the trial court is therefore reversed and the matter is remanded for a trial.
Reversed and remanded.
Judges GREENE and WALKER concur.