IN THE MATTER OF: SHANTA SHAW, DEANDREW BONEY, PRECIOUS BONEY

No. COA01-872

(Filed 6 August 2002)

### 1. Process and Service— service by publication—due diligence

The trial court did not err by concluding that service of process upon respondent father was proper under N.C.G.S. § 1A-1, Rule 4(j1) based on service by publication after defendant could not be found by a diligent effort, because: (1) petitioner satisfied Rule 4(j1) since an affidavit set forth the circumstances warranting the use of service by publication; and (2) respondent has not included in the record or his brief any indication as to his whereabouts during the time in question, or any argument as to how petitioner could have located him using due diligence.

### 2. Child Abuse and Neglect— stipulation of neglect—no evidentiary hearing

The trial court erred by entering a juvenile neglect adjudication in the absence of respondent father based upon the mother's stipulation of neglect without conducting an evidentiary hearing, because: (1) N.C.G.S. § 7B-902 states that all parties must be present in order for the trial court to enter a consent judgment; and (2) respondent father was not present, and therefore, no valid consent judgment could be entered.

Judge GREENE dissenting.

Appeal by respondent father from order filed 21 January 1999 by Judge Edward A. Pone in Cumberland County District Court. Heard in the Court of Appeals 23 April 2002.

*Staff Attorneys John F. Campbell and David Kennedy for petitioner-appellee Cumberland County Department of Social Services.*

*Hatley & Stone, P.A., by Michael A. Stone, for respondent-appellant Wesley Turner, Jr.*

*Deborah Koenig for guardian ad litem.*

HUNTER, Judge.

Wesley Turner, Jr. ("respondent") appeals an adjudication and disposition order entered 21 January 1999 adjudicating his daughter

**IN RE SHAW**

[152 N.C. App. 126 (2002)]

Shanta Shaw ("Shanta") a neglected juvenile and awarding custody to Thelma Mae Boney ("Ms. Boney"). We reverse and remand.

On 14 April 1998, the Cumberland County Department of Social Services ("petitioner") filed a petition alleging that Shanta was an abused and neglected juvenile.[1] The petition states that respondent's last known address at the time was "6519 Acus Court, Fayetteville, NC." A summons was issued to and personally served (along with the petition) upon Shanta's mother. Although a summons was issued in respondent's name, the trial court found that his "whereabouts [were] unknown" and, pursuant to N.C. Gen. Stat. § 7B-407 (2001), directed service be had on him "through publication." Before service by publication was attempted, the trial court entered a temporary order on 22 May 1998 granting nonsecure custody to Ms. Boney. Following service by publication in "The Fayetteville Observer" on 6 June, 13 June, and 20 June 1998, petitioner filed an "Affidavit of Service by Publication" in the Cumberland County Clerk's office on 8 July 1998 stating that respondent's "address, whereabouts, dwelling house or usual place of abode . . . [was] unknown, and [could not] with due diligence be ascertained" and that respondent "is a transient person with no permanent residence."

On 11 January 1999, the abuse and neglect petition was heard before the trial court. At this time, the trial court found that Shanta's mother and respondent had been properly served with process. Shanta's mother was in court and represented by counsel. Respondent was not in court and was not represented by counsel. Shanta's mother stipulated to a finding of neglect, and, based upon that stipulation (and without hearing any evidence), the trial court, in an order entered 21 January 1999, adjudicated Shanta a neglected juvenile and awarded custody of Shanta to Ms. Boney. Petitioner voluntarily dismissed the abuse allegation.

On 8 February 2001, respondent appeared in court at a permanency planning review hearing and orally challenged (1) the validity of his service by publication, and (2) the validity of the adjudication of neglect on the grounds that respondent was not present at the hearing. The trial court apparently treated respondent's argument as tantamount to a motion to set aside the adjudication and denied the motion. Respondent appeals.

---

1. The petition also lists two juveniles who are children of Shanta's mother (Lisa Relliford Boney) but whose father is Larry Boney. This opinion involves only the trial court's adjudication and disposition order as it relates to Shanta.

On appeal, the issues are: (1) whether the service of process upon respondent was proper; and (2) whether the trial court erred by entering a neglect adjudication based upon the mother's stipulation of neglect without conducting an evidentiary hearing.

I.

**[1]** Service by publication is a permitted method of service of process where a party "cannot with due diligence be served by personal delivery, registered or certified mail, or . . . pursuant to 26 U.S.C. § 7502(f)(2)." N.C. Gen. Stat. § 1A-1, Rule 4(j1) (2001) ("Rule 4(j1)"). Rule 4(j1) requires that "[u]pon completion of such service there shall be filed with the court an affidavit showing . . . the circumstances warranting the use of service by publication." *Id.*

In *County of Wayne ex rel. Williams v. Whitley*, 72 N.C. App. 155, 323 S.E.2d 458 (1984), the plaintiff filed an affidavit stating only that the defendant had been served by publication according to the statute, but not setting forth any circumstances warranting the use of service by publication as expressly required by Rule 4(j1). *Id.* at 157, 323 S.E.2d at 460. Thus, the Court held that "the affidavit does not state the circumstances warranting the use of service by publication as required by Rule 4. The affidavit does not allege any facts showing that the defendant with due diligence could not be personally served." *Id.* at 160-61, 323 S.E.2d at 463. The *Whitley* Court did not augment the requirements under Rule 4(j1); rather, the Court simply held that Rule 4(j1) requires more than the mere conclusory assertion that service has been accomplished through publication.

Here, petitioner attempted to serve a summons and notice of hearing upon respondent at his last known address in Fayetteville. The summons was received by the Sheriff in Cumberland County on 18 April 1998 and was returned on 28 May 1998 with the Sheriff's certification that respondent could not be found by a diligent effort. Upon completion of service of process by publication, petitioner filed an "Affidavit of Service by Publication" stating: "That service by publication was necessary because: The address, whereabouts, dwelling house or usual place of abode of the Respondent is unknown, and cannot with due diligence be ascertained; [and because t]he Respondent is a transient person with no permanent residence." The trial court found that all parties to the action had been properly served. We hold that petitioner satisfied Rule 4(j1) because, unlike the affidavit in *Whitley*, the affidavit here sets forth "the circumstances warranting the use of service by publication," which is all that

is required by Rule 4(j1). We further note that respondent has not included in the record or his brief any indication as to his whereabouts during the time in question, or any argument as to how petitioner could have located him using due diligence.

## II.

**[2]** In addition to challenging the service of process, respondent challenges the trial court's authority to enter an adjudication of neglect without an evidentiary hearing. Section 7B-802 of our General Statutes requires an adjudicatory hearing to determine the existence or nonexistence of the conditions alleged in a petition. N.C. Gen. Stat. § 7B-802 (2001); *see Thrift v. Buncombe County DSS*, 137 N.C. App. 559, 562, 528 S.E.2d 394, 396 (2000). That statute further mandates that "[i]n the adjudicatory hearing, the court shall protect the rights of the juvenile and the juvenile's parent to assure due process of law." N.C. Gen. Stat. § 7B-802. In an adjudicatory hearing to determine abuse, neglect, or dependency, the petitioner must prove the allegations "by clear and convincing evidence." N.C. Gen. Stat. § 7B-805 (2001).

An adjudication of abuse, neglect or dependency in the absence of an adjudicatory hearing is permitted only in very limited circumstances.

> Nothing in this Article precludes the court from entering a consent order or judgment on a petition for abuse, neglect, or dependency when all parties are present, the juvenile is represented by counsel, and all other parties are either represented by counsel or have waived counsel, and sufficient findings of fact are made by the court.

N.C. Gen. Stat. § 7B-902 (2001). Aside from a consent order or judgment under these circumstances, "a default judgment or judgment on the pleadings is inappropriate in a proceeding involving termination of parental rights, [and] is equally inappropriate in an adjudication of neglect." *Thrift*, 137 N.C. App. at 563, 528 S.E.2d at 396 (noting that adjudication of neglect constitutes grounds for terminating parental rights and is frequently the basis for a termination proceeding). This Court in *Thrift* explained why an adjudicatory hearing is generally required in this context: "As the link between a parent and child is a fundamental right worthy of the highest degree of scrutiny, the trial court must fulfill all procedural requirements in the course of its duty to determine whether allegations of neglect are supported by clear and convincing evidence." *Id.* (citation omitted).

IN RE SHAW

[152 N.C. App. 126 (2002)]

In the absence of respondent's presence, the consent of Shanta's mother to the adjudication of neglect in this case was insufficient to dispense with the requirement of an adjudicatory hearing. "According to the mandates of [N.C. Gen. Stat. § 7B-902], all parties must be present in order for the trial court to enter a consent judgment. In the case at bar, respondent was not present and, as such, no valid consent judgment could be entered." *Id.* at 563, 528 S.E.2d at 397.

For the reasons stated herein, although we hold that service of process was proper based on Rule 4(j1), we hold that the trial court erred in finding the allegations of neglect contained in the petition were proven by clear and convincing evidence. The judgment of the trial court is therefore reversed and the matter is remanded for an adjudicatory hearing.

Reversed and remanded.

Judge TIMMONS-GOODSON concurs.

Judge GREENE dissents in a separate opinion.

GREENE, Judge, dissenting.

As I disagree with the majority regarding the validity of service of process by publication on respondent, I dissent. While I do agree with the majority as to part II of its opinion, I do not reach this issue in my analysis.

The pertinent issues in this case are whether: (I) petitioner's 8 July 1998 affidavit is sufficient to support service by publication on respondent; and if not, (II) the trial court has the authority to enter a neglect adjudication when a summons has not been served upon one of the parents of a juvenile alleged to be neglected.

I

Service by publication is a permitted method of service of process if the whereabouts of the party sought to be served are unknown and that party "cannot with due diligence be served by personal delivery, registered or certified mail, or . . . pursuant to 26 U.S.C. § 7502(f)(2)." N.C.G.S. § 1A-1, Rule 4(j1) (2001). Furthermore, upon completion of the newspaper publication, "there shall be filed with the [trial] court an affidavit showing . . . the circumstances warranting the use of service by publication, and information, if any,

**IN RE SHAW**

[152 N.C. App. 126 (2002)]

regarding the location of the party served."[2] *Id.* Strictly construed, *see Sink v. Easter*, 284 N.C. 555, 560, 202 S.E.2d 138, 142 (1974) (service by publication statute must be strictly construed), the statute requires the affidavit to "set forth the steps taken, although unsuccessful, to locate [the respondent]," 1 G. Gray Wilson, *North Carolina Civil Procedure* § 4-22, at 69 (2d ed. 1995); *see County of Wayne ex rel. Williams v. Whitley*, 72 N.C. App. 155, 161, 323 S.E.2d 458, 463 (1984) (affidavit must include "facts showing that the defendant with due diligence could not be personally served").

In this case, the 8 July 1998 post-publication affidavit filed by petitioner asserts "service by publication was necessary" because respondent's "address, whereabouts, dwelling house or usual place of abode . . . [was] unknown, and [could not] with due diligence be ascertained" and because he "[was] a transient person with no permanent residence." These assertions are nothing more than ultimate facts; they do not reveal the steps taken by petitioner to locate and personally serve respondent; and they are insufficient as a matter of law to support service by publication on respondent.[3]

II

Petitioner argues in the alternative that the orders entered by the trial court are nonetheless valid because service on one parent is sufficient to vest the trial court with the authority to proceed with the neglect adjudication and disposition of a juvenile, and in this case, personal service was had on the mother. For the reasons given in *In re Poole*, 151 N.C. App. 472, —— S.E.2d ——, COA01-871 (July 16, 2002), I disagree. Service of process on the mother in this neglect proceeding, without service on respondent, Shanta's father, is insufficient to vest authority in the trial court to enter an adjudication of neglect or any dispositional order based on that adjudication. Accordingly, the 21 January 1999 adjudication and disposition order and any subsequent dispositional orders should be vacated as they relate to Shanta.

---

2. The authorization of service by publication by the trial court pursuant to section 7B-407 does not relieve the party seeking service by publication from the requirements of Rule 4(j1).

3. If the required affidavit does set out the circumstances warranting service by publication, a party may nonetheless challenge the validity of service of process and, after having done so, is entitled to an evidentiary hearing in which the other party must present evidence of due diligence in support of the service by publication. *See Coble v. Brown*, 1 N.C. App. 1, 7, 159 S.E.2d 259, 264 (1968).