THORNBURG, Judge.
TJ ("respondent") appeals from an order of the trial court adjudicating his minor daughter ("the juvenile") neglected and dependent. For the reasons stated herein, we affirm the order of adjudication.
The facts relevant to this appeal are as follows: The juvenile was born 15 March 1997. Respondent is her father. On 5 March 2002, the Alamance County Department of Social Services ("DSS") filed a petition alleging the juvenile to be neglected and dependent, on the grounds that the juvenile was living in an environment injurious to the juvenile's welfare and that respondent was unable to provide for the juvenile's care or supervision and lacked an appropriate alternative child care arrangement.
The adjudication hearing was held before the trial court on 14 August 2002. A review of the transcript indicates the following:All parties through counsel consented to the amended allegations in the juvenile petition. The specific question assented to was, "Is it accurate in this case that, that all the parties are in agreement and consent to the amended allegation in this case[?]" The trial judge further attempted to clarify that the parties consented to the allegations and the admissions, rather than the adjudication or the disposition by asking, "Do we have a consent agreement with this or just consent as to . . . the disposition or do we just consent as to the allegations and the admissions?" The transcript does not indicate that respondent's attorney responded to this query. The attorneys for the guardian ad litem, DSS, and the juvenile's mother indicated that they had not discussed the adjudication or disposition.
At that point the trial judge said the following:
Okay. So we just got past the first hurdle in the petition alleged. The Court finds that all parties are present, that, and represented by counsel. The parents are present represented by counsel. Ms. Bass representing the Department of Social Services. Mr. Collins representing the Guardian Ad Litem program. That by consent, the allegations of the petition were amended, which has now been filed of record. And thereon, the Court finds [the juvenile] is a neglected and dependent juvenile as alleged in the petition.
After that statement, the trial judge asked for arguments concerning the disposition. DSS recommended that guardianship be granted to the juvenile's grandparents. Respondent's counsel argued that it was too soon to permanently interfere with the parent-child relationship and requested that the court not take action until another pending matter was resolved. The guardian adlitem and the juvenile's mother also opposed the grant of custodianship. A consent juvenile adjudication and disposition order concluding that the juvenile was a neglected and dependent juvenile and ordering that the custody of the juvenile be vested in Alamance County DSS was entered as a result of this proceeding. Respondent appeals.
Respondent argues on appeal that the trial court erred in entering the adjudication order finding the juvenile neglected and dependent. Specifically, respondent contends that there was insufficient proof that respondent consented to the trial court's findings and that no evidence was presented to support the trial court's order. We affirm the order of adjudication.
There is a presumption in North Carolina that an attorney has the authority to act for the client she professes to represent. Greenhill v. Crabtree, 45 N.C. App. 49, 51, 262 S.E.2d 315, 316 (1980), aff'd per curiam by an equally divided court, 301 N.C. 520, 271 S.E.2d 908 (1980). This presumption extends to actions regarding both technical and procedural aspects of a case as well as the client's substantive rights. Id. On appeal respondent does not argue that his attorney's consent to the amended allegations was unauthorized or invalid. Thus, as an initial finding we hold that respondent's attorney's consent was effectively the consent of her client, respondent.
Respondent's further argument that his attorney only consented to the petition being amended, rather than to the amended allegations, is not supported by the record. Respondent's attorneywas asked if it was accurate that respondent consented to the amended allegations. The attorney responded, "Yes, Your Honor." Further, when the trial judge stated that based on the petition he adjudicated the juvenile neglected and dependent, respondent's attorney made no objection. Nor did respondent or any party object to the trial court's moving to the disposition phase of the hearing.
Thus, it is clear from the record that respondent, as well as the other parties, consented to the following allegations in the juvenile petition:
1. That the Alamance County Department of Social Services has substantiated neglect of this child by both parents on more than one occasion.
2. That [respondent] father of [the juvenile] has failed to comply with case management services. The case manager has been unable to make home visits and assess the child's safety since August 2001 due to [respondent] staying at different places with the child and not maintaining contact with the Department of Social Services.
3. That on February 25, 2002 [the juvenile] received an injury to her head, resulting in a gash to the forehead.
4. That no medical treatment was sought for the injury prior to the Department of Social Services taking custody on March 5, 2002.
5. That upon examination by Dr. Pringle, it was determined by him that the injury should have been treated and received stitches on February 25, 2002.
6. That the father is currently incarcerated.
7. That the mother is unable to take care of the child at this time.
That all parties consent that these allegations are sufficient to support a finding of neglect and dependency.
That all parties agree that the Juvenile is in fact a neglected and dependent juvenile.
The dispositive issue is whether the trial court erred by finding the juvenile neglected and dependent based on the parties' consent to these allegations. The North Carolina juvenile code provides for consent orders and judgments on the juvenile petition in certain circumstances.
Nothing in this Article precludes the court from entering a consent order or judgment on a petition for abuse, neglect, or dependency when all parties are present, the juvenile is represented by counsel, and all other parties are either represented by counsel or have waived counsel, and sufficient findings of fact are made by the court.
N.C. Gen. Stat. . 7B-902 (2003). North Carolina courts have had few opportunities to interpret this relatively new statute or its predecessor, N.C. Gen. Stat. . 7A-641, repealed effective 1 July 1999. We have held that consent judgments are appropriate only in limited instances and that all parties must be present in order for the consent judgment to be entered. In re Thrift v. Buncombe County DSS, 137 N.C. App. 559, 563, 528 S.E.2d 394, 397 (2000).
Respondent argues that the trial court could not have entered a consent judgment because respondent did not specifically consent to the adjudication. We have indeed held that a trial court may not on its own motion accept and enter judgment pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure on a verified juvenile petition. See Thrift, 137 N.C. App. at 562, 528 S.E.2d at396. This Court in Thrift indicated that a Rule 12(c) judgment on the pleadings is "implicitly precluded" by the relevant portion of the North Carolina juvenile code. Id. (referring to N.C. Gen. Stat. . 7A-641, repealed effective 1 July 1999).
However, the instant case differs from Thrift in that the trial judge in the instant case followed the mandates of our juvenile code, rather than deciding sua sponte to grant judgment on the pleadings. In the instant case, the attorney for DSS presented the trial court with the amended allegations agreed to by the parties and stated, "I believe that we have a consent agreement, Your Honor, and I have a typewritten amended allegation." The trial judge then determined that all parties were present and represented by counsel and that all parties consented to the amended allegations of neglect and dependency in the juvenile petition. The trial court then made sufficient findings of fact to support an adjudication of neglect and dependency based on the allegations to which the parties consented. Because our juvenile code consent statute authorizes the trial court to enter judgment on the petition under these circumstances, we find respondent's argument to be without merit.
Affirmed.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).