IN THE MATTER OF: J.M.B., A.M.B., J.A.B., D.M.B, Minor Children.
No. COA07-275
Court of Appeals of North Carolina.
Filed August 21, 2007
This case not for publication
Annick Lenoir-Peek, for respondent-appellant M.B.
Richard E. Jester, for respondent-appellant J.M.
Beverly S. Basden, P.C., by Beverly S. Basden, for petitioner-appellee Iredell County Department of Social Services.
Holly M. Groce, for appellee Guardian ad Litem.
WYNN, Judge.
"As mandated by statute, a trial court may enter a consent order or judgment only `when all parties are present.'"[1] Here, Respondents contend that the trial court lacked the authority to enter an adjudication order by consent of both parties because the Respondent-father was not present at the hearing. Following the holding of Thrift v. Buncombe County DSS, 137 N.C. App. 559, 562, 528 S.E.2d 394, 396 (2000), we must reverse and remand for further proceedings.
The relevant facts show that on 12 May 2006, DSS filed petitions alleging that J.M.B., A.M.B., J.A.B., and D.M.B. were abused and neglected juveniles. The court heard this case on 3 October 2006 and present were the attorneys for Petitioner and Respondent-mother. Petitioner's attorney indicated to the court, "Your Honor, it's my understanding from the respondent parents that both parents have indicated their willingness to stipulate to adjudication today." The court instructed Petitioner to prepare an adjudication order reflecting Respondents' consent to an adjudication of abuse and neglect of the minor children. The hearing concluded without a presentation of any evidence.
The trial court made the following findings of fact concerning the presence of the parties and their consent: (1) that the trial court was "informed by attorneys for all parties" of Respondents' consent to the adjudication order; (2) that their consent was "a product of informed choice"; (3) that by clear and convincing evidence ". . . the Respondent Parents, through their attorneys, consent to an adjudication that the minor children are abused and neglected based upon the facts alleged in the Petition[s.]" The court made additional findings of fact mirroring the allegations in the petitions filed on 12 May 2006, and concluded that the minor children were abused and neglected juveniles, as defined by N.C. Gen. Stat. § 7B-101(1), (15) (2005). Respondent-mother and Respondent-father appeal from the court's adjudication and disposition order, relieving DSS of further efforts towards reunification.
Under N.C. Gen. Stat. § 7B-802 (2005), the trial court must hold an adjudicatory hearing to determine the merits of a petition alleging that a juvenile is abused, neglected or dependent. The court may not enter an adjudication by default or summary judgment. Thrift, 137 N.C. App. at 562, 528 S.E.2d at 396. The Juvenile Code authorizes the entry of a consent order, but prescribes specific procedural requirements for such orders as follows:
Nothing in this Article precludes the court from entering a consent order or judgment on a petition for abuse, neglect, or dependency when all parties are present, the juvenile is represented by counsel, and all other parties are either represented by counsel or have waived counsel, and sufficient findings of fact are made by the court.
In re Shaw, 152 N.C. App. 126, 129, 566 S.E.2d 744, 746 (2002) (quoting N.C. Gen. Stat. § 7B-902 (2001)) (emphasis added).
"As mandated by statute, a trial court may enter a consent order or judgment only `when all parties are present.'" In re J.R., 163 N.C. App. 201, 202, 592 S.E.2d 746, 747 (2004) (quoting N.C. Gen. Stat. § 7B-902). Because Respondent-father was not present when the consent judgment was entered, "no valid consent judgment [can] be entered." In re Shaw, 152 N.C. App. 126, 130, 566 S.E.2d 744, 746 (2002). See also Thrift, 137 N.C. App. at 563, 528 S.E.2d at 397 ("[A]ll parties must be present in order for the trial court to enter a consent judgment."); Brundage v. Foye, 118 N.C. App. 138, 141, 454 S.E.2d 669, 670 (1995) (holding that where a consent judgment is entered against two parties with the consent of only one, the trial court must set the consent judgment aside as to both parties).
Furthermore, the record before this Court does not support the trial court's entry of a consent order under N.C. Gen. Stat. § 7B-902, absent any indication that Respondent-father was present at the 3 October 2006 adjudicatory hearing. Although the adjudication order includes findings by the court that he was present at the hearing, the hearing transcript provides no support for this finding. Cf. State v. Fernandez, 346 N.C. 1, 11, 484 S.E.2d 350, 357 (1997) ("The trial court's findings of fact must be supported by the evidence[.]") (citation omitted). Nor does the transcript support the court's finding that Respondent-father consented to the adjudication order through counsel at the hearing.
Accordingly, for the reasons set forth in Thrift, we reverse the trial court's adjudication and disposition orders and remand for a new adjudicatory hearing. Moreover, in light of our decision reversing the adjudications of abuse and neglect and remanding for further proceedings, we do not address Respondents' remaining arguments. In re J.R., 163 N.C. App. at 203, 592 S.E.2d at 747.
We note that the guardian ad litem and Petitioner moved to have Respondent-mother's appeal dismissed on the grounds that her brief to this Court contains: (1) an appendix of materials extraneous to the record, (2) a footnote alluding to proceedings in the trial court subsequent to the filing of her appeal, and (3) an inadequate and "argumentative" statement of the case. In the alternative, appellees ask this Court to strike the offending portions of her brief. Because the issues raised by appellees are insufficient to warrant the dismissal of Respondent-mother's appeal and immaterial to our disposition, we deny both motions.
Reversed and remanded.
Judges MCCULLOUGH and CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] In re J.R., 163 N.C. App. 201, 202, 592 S.E.2d 746, 747 (2004) (quoting N.C. Gen. Stat. § 7B-902).