IN THE MATTER OF: J.M., R.H. JR., C.S., A.S., R.M., AND B.M., MINOR CHILDREN

No. COA07-1246

(Filed 6 May 2008)

**Child Abuse and Neglect— adjudication—reliance on prior hearing—hearsay**

An adjudication of juveniles as being neglected and abused was vacated and remanded where the court relied on testimony from prior hearings and based its findings on hearsay evidence. The State was not required to offer proof that these statements fell within any hearsay exception, defendant did not have a meaningful adjudication hearing, and she was deprived of her fundamental right to due process.

Judge GEER concurring in the result.

Appeal by respondent-mother from order entered 19 June 2007 by Judge Stanley L. Allen in Rockingham County District Court. Heard in the Court of Appeals 18 February 2008.

*Richard E. Jester, for respondent-appellant mother.*

*Womble Carlyle Sandridge & Rice, by G. Wriston Marshburn, Jr., for Guardian ad Litem.*

JACKSON, Judge.

Kimberly H. ("respondent") appeals from an order entered 19 June 2007 adjudicating J.M., R.H., C.S., A.S., and B.M. neglected juveniles, R.M. both neglected and abused, and entering disposition. For the following reasons, we vacate the order of adjudication and disposition, and remand for a new hearing.

On 21 February 2007, the Rockingham County Department of Social Services ("DSS") filed a juvenile petition alleging that respondent's minor children—J.M., R.H., C.S., A.S., R.M., and B.M.—were abused and neglected juveniles. DSS alleged that it received a report

on 4 December 2006 that respondent's husband, Rene H., had sexually abused respondent's ten-year-old daughter, R.M. On the same day that DSS received the report, Rene H. was interviewed by a DSS social worker and a Rockingham County Sheriff's Department detective. Rene H. admitted touching R.M. "on weekends" and when he had been "drinking." His description of the abuse closely matched the description given by R.M., and he was arrested on charges relating to the abuse.

When DSS first approached respondent regarding the alleged abuse, she denied the possibility that the allegations were true. Respondent claimed that R.M. "must have been having 'flashbacks' to previous sexual abuse by her previous step-father Daryl [S] and that [Rene H.] must not have understood what he was saying during his confession."

In addition to alleging that R.M. was abused, DSS alleged in the petition that the juveniles were neglected. Specifically, DSS noted that R.M.'s younger sisters continued to have unsupervised contact with Rene H., placing them "at risk of future sexual abuse." DSS further alleged that at least some of R.M.'s siblings had been exposed to the sexual abuse, noting that R.M.'s "younger sisters slept on the bottom bunk bed while [R.M.] was being abused in her top bunk bed." DSS alleged that A.S. had "been awakened at night when [Rene H.] stood on her bed to climb into [R.M.'s] bed and she had heard [R.M.] saying 'no' and pushing her step-father off her mattress." Thereafter, DSS obtained custody of the juveniles by non-secure custody order.

At a non-secure custody hearing on 27 February 2007, the trial judge noted that he had heard the related criminal matter regarding Rene H., and that he had found probable cause to believe that the crimes had taken place. The trial judge further stated that there was a factual basis to believe that the allegations in the petition were true. Accordingly, the trial court ordered that custody of the juveniles remain with DSS.

Following a hearing on 22 May 2007, the trial court entered an adjudication and disposition order on 19 June 2007. The court found that R.M. was abused and neglected and that J.M., R.H., C.S., A.S., and B.M. were neglected. Thereafter, respondent filed timely notice of appeal.

On appeal, respondent argues that the trial court erred by taking judicial notice of prior hearings—specifically, the non-secure custody hearing held on 27 February 2007 and Rene H.'s probable cause hear-

**IN RE J.M., R.H. JR., C.S., A.S., R.M., & B.M.**

[190 N.C. App. 379 (2008)]

ing held on 8 January 2007. Respondent further argues the trial court erred in basing its factual findings of abuse and neglect exclusively on the prior probable cause and non-secure custody hearings, and refusing to allow any additional evidence at the 22 May 2007 hearing. We agree in part.

"The allegations in a petition alleging abuse, neglect, or dependency shall be proved by clear and convincing evidence." N.C. Gen. Stat. § 7B-805 (2003). A proper review of a trial court's finding of . . . neglect [or abuse] entails a determination of (1) whether the findings of fact are supported by "clear and convincing evidence," and (2) whether the legal conclusions are supported by the findings of fact. The "clear and convincing" standard is greater than the preponderance of the evidence standard required in most civil cases. Clear and convincing evidence is evidence which should fully convince.

*In re J.A.G.*, 172 N.C. App. 708, 712, 617 S.E.2d 325, 329 (2005) (internal citations and quotations omitted).

The trial court may take judicial notice of prior hearings. *In re J.W.*, 173 N.C. App. 450, 455, 619 S.E.2d 534, 539 (2005). However, the trial court is required to consider those prior proceedings in accordance with the North Carolina Rules of Evidence, and to disregard any evidence not admissible under the Rules. *In re Morales*, 159 N.C. App. 429, 433, 583 S.E.2d 692, 694 (2003) ("In a bench trial, 'the court is presumed to disregard incompetent evidence.' ") (citation omitted). A " 'judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' N.C. Gen. Stat. § 8C-1, Rule 201(b) (2001)." *Davis v. McMillian*, 152 N.C. App. 53, 56, 567 S.E.2d 159, 161 (2002).

Article 8 of the North Carolina Juvenile Code guarantees a parent the right to a hearing before her child is adjudicated abused, neglected, or dependent. Specifically, North Carolina General Statutes, section 7B-802 provides that

[t]he adjudicatory hearing shall be a judicial process designed to adjudicate the existence or nonexistence of any of the conditions alleged in a petition. In the adjudicatory hearing, the court shall protect the rights of the juvenile *and the juvenile's parent to assure due process of law.*

N.C. Gen. Stat. § 7B-802 (2007) (emphasis added). A parent's due process rights include the right to present evidence, and the right to confront and cross-examine witnesses. *Thrift v. Buncombe County Dep't of Soc. Servs.*, 137 N.C. App. 559, 561, 528 S.E.2d 394, 395 (2000).

In the instant case, the trial court precluded respondent from presenting her evidence at the 22 May 2007 adjudication hearing, and denied her the right to confront the State's evidence against her. At a 12 April 2007 hearing, set for adjudication, but continued due to the absence of the Spanish interpreter, the attorney for Rene H., James Reaves, stated that he believed the continued hearing would take one to one and one half days to complete. The trial court responded: "I wonder why it would take that long since I've—isn't this the one I've heard the probable cause hearing and the two-hour non-secure custody hearing on?" The trial court continued: "I'm not sure I'm going to need that—a day and a half worth of evidence. I'm not saying I've made up my mind, but I'm just saying I've heard a bunch of this case already."

On 22 May 2007, the trial court conducted the adjudication and disposition hearings. Wendy Walker, representing the Department of Social Services, moved the trial court to take judicial notice of the prior probable cause and non-secure custody hearings, which the trial court did. Craig Blitzer, attorney for respondent, requested the opportunity to present evidence in addition to the prior hearings on the matter of adjudication. The trial court responded that it would:

> find the matters set forth in the [DSS] petition. By clear, cogent and convincing evidence Mr. Blitzer, your client was ably represented by Miss Burnett [respondent's prior attorney] in the non-secure custody hearing. Had plenty of opportunity to cross-examine. And that is a, that was a recorded hearing. I don't believe anything could be enlisted as far as adjudication that would change the Court's mind. So I'm going to overrule any objection that you might have in that regard. So, Miss Walker, if you will, draw that order making the findings in the petition.

Respondent was not afforded the opportunity to present evidence at the 22 May 2007 adjudication hearing, nor to confront the evidence against her. This was a violation of North Carolina General Statutes, section 7B-802 (2007). *See also In re L.B.D.*, 168 N.C. App. 206, 208-09, 617 S.E.2d 288, 290 (2005); *Thrift*, 137 N.C. App. at 561, 528 S.E.2d at 395.

**IN RE J.M., R.H. JR., C.S., A.S., R.M., & B.M.**

[190 N.C. App. 379 (2008)]

Further, when "the juvenile is alleged to be abused, neglected, or dependent, the rules of evidence in civil cases shall apply." N.C. Gen. Stat. § 7B-804 (2007). " 'As the link between a parent and child is a fundamental right worthy of the highest degree of scrutiny, the trial court must fulfill all procedural requirements in the course of its duty to determine whether allegations of neglect are supported by clear and convincing evidence.' " *In re Shaw*, 152 N.C. App. 126, 129, 566 S.E.2d 744, 746 (2002) (quoting *Thrift*, 137 N.C. App. at 563, 528 S.E.2d at 396).

The Rules of Evidence include the prohibition against hearsay evidence, except as explicitly allowed under the rules. N.C. Gen. Stat. § 8C-1, Rules 802 (2007). R.M. did not testify at the prior non-secure custody hearing. R.M. did testify at the probable cause hearing, but that hearing was not recorded. Further, R.M.'s testimony at the probable cause hearing contradicted her statements to law enforcement and DSS implicating Rene H. Nonetheless, the trial court based a number of its findings of fact on hearsay statements made by R.M. to law enforcement and DSS, as well as hearsay statements made by some of R.M.'s siblings, respondent, and Rene H. The prior testimony of law enforcement and DSS personnel also constituted inadmissable hearsay evidence, absent a finding that it fell within the bounds of any hearsay exception. N.C. Gen. Stat. § 7B-804 (2007); N.C. Gen. Stat. § 8C-1, Rules 802 (2007).

DSS never moved for the admission of testimony from any prior hearing, and no showing was made that any prior testimony satisfied the Rules of Evidence for the admission of hearsay evidence. *Id.* In the instant case, the trial court was permitted, even required, to consider any relevant and *admissible* evidence, including testimony from prior hearings not from the same case. *Speagle v. Seitz*, 354 N.C. 525, 533-34, 557 S.E.2d 83, 88 (2001). The *Speagle* decision, however, does not sanction the admission of or consideration of inadmissible evidence. Clearly prior testimony which was not admitted pursuant to any hearsay exception was not admissible, and should not have been considered. N.C. Gen. Stat. § 8C-1, Rule 804 (2007). The trial court could not thwart the protections of the Rules of Evidence by taking judicial notice of this testimony. A contrary finding would eviscerate the Rules of Evidence in custody hearings, in direct conflict with North Carolina General Statutes, section 7B-804, and prior decisions of our appellate courts. *See Speagle*, 354 N.C. at 533-34, 557 S.E.2d at 88; *Shaw*, 152 N.C. App. at 129, 566 S.E.2d at 746. Additionally, judicial notice of this kind of prior testimony clearly is

not envisioned under North Carolina General Statutes, section 8C-1, Rule 201(b) (2007).

In the absence of a meaningful adjudication hearing, the State was not required to offer proof that these hearsay statements fell within any of the hearsay exceptions included in the Rules of Evidence. This lack of a meaningful hearing deprived respondent of her fundamental right to due process.

The trial court, having relied solely on testimony from the prior hearings, one of which was not even recorded, and the reports of DSS and law enforcement, based its findings of fact on hearsay evidence. Because there was no showing by the State that this evidence was admissible under any hearsay exception in the Rules, nor any opportunity given by the trial court for such a showing, nor opportunity given to respondent to rebut same, we must hold that the trial court's findings of fact do not support its conclusions of law, and thus do not support its 19 June 2007 order of adjudication and disposition. We therefore vacate the 19 June 2007 order, and remand to the trial court for new proceedings consistent with this opinion.

Vacated and Remanded.

Judge TYSON concurs.

Judge GEER concurs in the result in a separate opinion.

GEER, Judge, concurring in the result.

In this case, the trial court did not just take judicial notice of prior proceedings in the same matter, but rather appeared to believe that it could take judicial notice of testimony in other hearings. The primary question presented by this appeal is thus whether the trial court could, by invoking the doctrine of judicial notice, base its findings of fact solely on testimony from other proceedings not admitted into evidence. I believe this is a slightly different question than that addressed by the majority opinion and, therefore, concur in the result of that opinion.

It is first important to emphasize what actually occurred in this case. DSS did not move the admission of the transcript of any testimony given at any hearing. Indeed, the probable cause hearing was not transcribed. Although the trial court reported that it had hand-written notes of what occurred at the probable cause and nonsecure

**IN RE J.M., R.H. JR., C.S., A.S., R.M., & B.M.**

[190 N.C. App. 379 (2008)]

custody hearings, those notes were not made part of the record. Thus, we are not talking about the admission into evidence of testimony, but rather of a court's taking judicial notice of the substance of prior testimony.

To put it succinctly, no authority in this State supports taking judicial notice of the content of testimony in another hearing. This Court has, of course, "repeatedly . . . held that a trial court may take judicial notice of earlier proceedings in the same case." *See In re W.L.M.*, 181 N.C. App. 518, 523, 640 S.E.2d 439, 442 (2007). This principle cannot, however, under any view, apply to the probable cause hearing because it was not an earlier proceeding "in the same case." *Id.* It was a criminal matter not involving respondent.

Nevertheless, this principle has not been extended beyond taking judicial notice of prior orders or reports filed with the court. *Id.* at 522, 640 S.E.2d at 442 (rejecting respondent's contention that trial court erred "in taking judicial notice of the prior orders and various court reports in the juveniles' underlying case files"). To now extend this principle to testimony in prior proceedings would be inconsistent with N.C.R. Evid. 804(b)(1).

Rule 804(b)(1) provides that if the declarant "is unavailable as a witness," then the hearsay rule does not exclude "[t]estimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." If a court could take judicial notice of prior testimony, there would be no need to ever show that the witness was unavailable as a witness or that the opposing party had an opportunity to examine the witness, as indeed this case demonstrates.

Here, DSS made no showing that any of the witnesses at the non-secure custody or probable cause hearings were unavailable, and it is undisputed that respondent had no opportunity to question the witnesses at the probable cause hearing. Thus, the trial court took judicial notice of what amounts to inadmissible hearsay. It eviscerated Rule 804(b)(1).

While North Carolina has not specifically addressed whether a court may take judicial notice of prior testimony, other jurisdictions have. The courts have reached the same conclusion as I have and held

**IN RE J.M., R.H. JR., C.S., A.S., R.M., & B.M.**

[190 N.C. App. 379 (2008)]

that judicial notice of the content of testimony in other hearings—even if in the same or related proceedings—is improper and a violation of the hearsay rule. *See, e.g., Williams v. Wraxall*, 33 Cal. App. 4th 120, 130 n.7, 39 Cal. Rptr. 2d 658, 663 n.7 ("We . . . cannot take judicial notice of the truth of hearsay statements in decisions or court files, including pleadings, affidavits, *testimony*, or statements of fact." (Emphasis added.)), *modified on other grounds*, 34 Cal. App. 4th 199b, 1995 Cal. App. LEXIS 458 (1995); *In re Zemple*, 489 N.W.2d 818, 820 (Minn. Ct. App. 1992) ("Appellant also claims that the trial court erred when it took judicial notice of testimony given at the domestic abuse proceeding. We agree. . . . The testimony given by appellant's father was inadmissible hearsay."); *Chapman v. Chapman*, 96 Nev. 290, 293, 607 P.2d 1141, 1143 (1980) (holding, in termination of parental rights case, that trial court erred in taking judicial notice of evidence before him in guardianship hearing in same case); *May v. May*, 829 S.W.2d 373, 376 (Tex. Ct. App. 1992, *writ denied*) ("Generally, a trial judge cannot consider testimony taken at a previous trial in a subsequent trial unless such testimony is admitted into evidence."); *Jakab v. Jakab*, 163 Vt. 575, 579, 664 A.2d 261, 263 (1995) (holding that "[i]t is improper to judicially notice the content of testimony in another proceeding" and noting that the method for introducing testimony from a past proceeding is set forth in Rule 804(b)(1) of the Rules of Evidence).

Thus, pursuant to Rule 804(b)(1), DSS could have, upon a proper showing, sought to introduce the transcript of the testimony of witnesses in the nonsecure custody hearing who were unavailable for the adjudication hearing. DSS did not, however, attempt to do so. Since respondent had no opportunity to examine witnesses at the probable cause hearing, evidence of that testimony was necessarily inadmissible hearsay.

The procedure followed in this case is troubling even apart from Rule 804(b)(1)'s application because no transcripts of the prior testimony even existed at the time of the adjudicatory hearing. The trial court relied upon notes of the testimony—notes that were never shared with the parties, were not admitted into evidence, and are not part of the record on appeal. There is thus no means of determining whether the trial court had an accurate summary of the actual testimony in the prior proceedings when it made its decision.

The trial court's adjudication was based exclusively on the court's notes of the prior testimony. Since the court could not take judicial notice of that testimony, its adjudication is not supported by compe-

tent evidence. I agree that we are required to vacate the order and remand for a new adjudication hearing at which evidence is admitted in accordance with the Rules of Evidence.